UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JEWISH COMMUNITY CENTER OF STATEN
ISLAND, INC.,

              Plaintiff,

     v.

TRUMBULL INSURANCE COMPANY,

              Defendant.

----------------------------------------------------------------X

**DECISION AND ORDER**
09-CV-2028 (ENV)(JMA)

VITALIANO, D.J.

      By Memorandum and Order, dated July 22, 2013, this Court granted plaintiff Jewish Community Center's ("JCC") motion for summary judgment. The Order was docketed by the Clerk on July 22, 2013 and judgment was entered on July 24, 2013. Familiarity with that decision and history of this action is assumed. Defendant seeks to appeal.

      Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a losing party must file its notice of appeal "within 30 days after the entry of the judgment or order appealed from." On August 26, 2013—33 days after entry of judgment—defendant Trumbull Insurance Company ("Trumbull") filed its notice of appeal. On September 23, 2013, apparently recognizing that its notice of appeal had been untimely filed, Trumbull moved for an extension of time under FED. R. APP. P. 4(a)(5). In its papers, Trumbull acknowledges that the Court entered judgment on July 24, 2013, but contends that Trumbull did not "receive and

review" that Order until July 25, 2013, which allegedly caused Trumbull to calculate that its notice of appeal was timely through August 26, 2013.[1] Asking relief from its own mistake, Trumbull now requests that the Court excuse its one-day miscalculation and extend its time to appeal *nunc pro tunc* under FED. R. APP. P. 4(a)(5). JCC opposes Trumbull's application.

Appellate Rule 4(a)(5) permits the Court to grant a party's request for an extension of time outside of the normal 30 day window if the party demonstrates "excusable neglect" for failing to move within 30 days. "Factors to be considered in evaluating excusable neglect include [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quotation omitted). The Second Circuit, consistent with the approach taken by other circuits, has "focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" Id. Further, the Second Circuit has noted that "the equities will rarely if ever favor a party who 'fails to follow the clear dictates of a court rule" and has held that where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." Id.

---

[1] Assuming that the Court had entered judgment on July 25, Trumbull's notice of appeal would have been due on August 26 because August 24 was a Saturday. Id.

at 366-67; see also id. at 368 ("In our cases addressing when neglect is 'excusable,' we have therefore taken a hard line.")

Trumbull's only excuse for its failure to comply with Rule 4(a)(1)'s strict 30 day requirement is that, lamely, its counsel did not "receive and review" the Court's opinion until the day after it was docketed. The ECF notification alerting Trumbull's counsel that the Court had rendered its decision was, however, in fact sent on July 22, 2013 at 7:49 a.m. The ECF notification alerting Trumbull's counsel that the Court entered judgment was sent on July 24, 2013 at 8:55 a.m. and it stated "WARNING: CASE CLOSED on 7/24/2013." Even assuming that Trumbull's counsel did not read the ECF bounce until July 25, that does not explain or excuse counsel's failure to understand that judgment had been entered on July 24. See Dkt. No. 35. Unfortunately for Trumbull, inadvertent errors, ignorance of the rules or counsel's lack of familiarity with federal appellate rules do not constitute "excusable neglect" as the Second Circuit has defined it. Silivanch at 368-69; United States v. Hooper, 43 F.3d 26, 29 (2d Cir. 1994) ("ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."); New York Times Co. v. United States Dep't of Homeland Security, 2013 U.S. Dist. LEXIS 131342 at *7 (S.D.N.Y. 2013) (Although "[petitioner's] error was inadvertent and [] denial of its request might therefore seem unduly harsh . . . [t]here is no exception for a filer's carelessness.") In short, while unfortunate and likely inadvertent, an ordinary error of counsel is not "excusable." That is the case here. Trumbull's time computation was an "ordinary" mistake. Trumbull does not cite, nor has the Court

found, a Second Circuit case where that sort of ordinary mistake has been found "excusable."

## Conclusion

For the reasons set forth above, Trumbull's motion for an extension of time to file its notice of appeal is denied.

So Ordered.

Dated: Brooklyn, New York
October 17, 2013

s/ ENV

ERIC N. VITALIANO
United States District Judge